Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edmond E. Chang | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5300 | **DATE** | 8/24/2011 |
| **CASE TITLE** | Leonard MP Katiwa, et al. Vs. The Circuit Ct of the 19th Judicial Circuit | | |

**DOCKET ENTRY TEXT**

Application by Leonard MP. Katiwa for leave to proceed in forma pauperis is denied. Plaintiff's motion for appointment of counsel is denied. Civil case terminated.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

This is a proposed civil action under 42 U.S.C. § 1983 by Plaintiff Leonard Kayiwa[1] against "The Circuit County of the Nineteenth Judicial Circuit, Waukegan, Lake County, Illinois, David P. Brodsky," R. 1 at 1. Kayiwa seeks leave to proceed *in forma pauperis*. On August 8, 2011, the Court issued an order raising the prospect that the complaint may be frivolous, in the sense that there is no basis for the relief sought in light of judicial immunity, and thus the complaint might be subject to dismissal under 28 U.S.C. § 1915. R. 6. The Court provided Kayiwa an opportunity to respond, and yesterday Kayiwa filed the memorandum, R. 7. The Court has reviewed and considered the additional factual allegations in his memorandum. For the reasons stated below, the case is dismissed because it is frivolous, as that term is used in § 1915. Accordingly, Kayiwa's application to proceed *in forma pauperis* and his motion for appointment of counsel are denied.

Kayiwa's memorandum[2] adds a few allegations to this case, but none of them alleviate the problems with the complaint. In his memorandum, Kayiwa alleges that state court judge David Brodsky acted improperly when Judge Brodsky sanctioned Kayiwa for filing a motion for "substitution of a judge." R. 7 at 1. Kayiwa further alleges that "it is also unconstitutional for a judge to act way over his jurisdictions and starts litigating from the bench." *Id.* In conclusion, Kayiwa states: "There is exceptions to the absolute judicial immunity. And this case falls in that category to my belief, there are non judicial action, plus there is a luck of jurisdiction." *Id.* 2.

As noted in the Court's earlier order, Kayiwa's complaint is governed by 28 U.S.C. § 1915(e)(2)(B)(i), which provides for the dismissal of "frivolous" *in forma pauperis* cases. *See Vey v. Clinton*, 520 U.S. 937, 937 (1997). The Court will grant leave to proceed if there is an arguable basis for a claim in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Here, however, because Judge Brodsky is absolutely immune against claims for money damages, and because comity principles counsel against issuing an injunction, Kayiwa has no arguable basis for injunctive relief.

| STATEMENT |
|---|

As the Court noted in its earlier order, claims for money damages are generally not permitted against a judicial officer for judicial acts. *Stump v. Sparkman*, 435 U.S. 349, 355-356 (1978). There are two limits on this absolute judicial immunity: first, a judge is not immune for non-judicial actions (for example, an employment decision relating to a probation officer); and second, a judge is not immune for judicial actions if they are taken in the complete absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). The first exception is not applicable, because Kayiwa alleges that Judge Brodsky's actions occurred in his judicial capacity. Kayiwa's memorandum attempts to argue that Judge Brodsky was acting in the complete absence of jurisdiction, but Kayiwa's allegations show otherwise. Kayiwa alleges that Judge Brodsky was presiding over his divorce proceedings and that he sanctioned Kayiwa for filing a motion to substitute the judge. While Kayiwa may strongly disagree with Brodsky's decisions during the divorce proceedings, Kayiwa has not alleged any reason to believe that suggests Judge Brodsky was actually acting in the complete absence of jurisdiction. Kayiwa simply alleges that Judge Brodsky was acting in the complete absence of jurisdiction, but simply saying that there is a lack of jurisdiction does not make it so. Because there is no allegation suggesting that Judge Brodsky is or was acting in the complete absence of jurisdiction, Kayiwa's claims for money damages are frivolous.

Neither the complaint nor the response memorandum allege any basis for injunctive relief. Kayiwa alleged that Judge Brodsky acted unconstitutionally when the judge sanctioned him for asking for a new judge. But equitable, comity, and federalism principles counsel against intervention by the federal courts in a state court proceeding where there is no showing of bad faith. there is no plausible showing of bad faith adequate to justify federal intrusion into a state court proceeding. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 112 (1983) (although Anti-Injunction Act does not apply to section 1983 suit, equity, comity, and federalism dictate special care before staying a state court proceeding); *see also O'Shea v. Littleton*, 414 U.S. 488, 499 (1974). Kayiwa has his remedy at law in the state appellate courts, and so his claim for injunctive relief has no basis and is also frivolous.

Lastly, Plaintiff's motion for appointment of counsel is denied. The doctrine of judicial immunity is relatively straightforward, and although the response did not overcome the obstacle, it showed the Plaintiff understood the issues. *See Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (*en banc*) (factors to consider include difficulty in presenting plaintiff's claims and plaintiff's competence to litigate them). For the reasons stated above, Kayiwa's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Kayiwa's motion to proceed *in forma pauperis* is denied.

---

[0] The docket sheet of the Clerk of the Court refers to Plaintiff's last name as "Katiwa," rather than Kayiwa, most likely due to the appearance of the handwriting on the hand-written complaint. The Court's earlier order used the incorrect spelling.

[0] Grammatical and spelling errors are in the original. Capitalization and spacing have been corrected. Much of the complaint is written in capital letters, and the Court has modified the complaint to use lower-case letters when appropriate.